```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>HOWARD ADELGLASS, and<br>MARCELLO SANSONE<br><br>Defendants. | 20-cr-605 (JSR)<br><br><u>MEMORANDUM ORDER</u> |

JED S. RAKOFF, U.S.D.J.:

Defendants Howard Adelglass and Marcello Sansone are charged with conspiring to distribute over one million pills of oxycodone to patients whom they knew had no legitimate medical need for the drug, in violation of 21 U.S.C. § 841(a)(1). Indictment, ECF No. 2, at ¶ 1. On March 15, 2022, defendant Howard Adelglass moved to dismiss the one-count Indictment and to open records of the grand jury proceedings that produced the Indictment. On the same day, defendant Marcello Sansone filed a package of pretrial motions seeking: (i) disclosure of certain exculpatory evidence; (ii) disclosure of prior bad acts that the Government would seek to use against Mr. Sansone at trial; (iii) dismissal of portions of the Indictment as surplusage; (iv) a bill of particulars; (v) an order permitting Mr. Sansone to make other such motions as may be appropriate; (vi) an order permitting Mr. Sansone to join in such other motions made by Dr. Adelglass as may be appropriate; and (vii) such other relief as the Court deems just and proper. After

careful consideration, Judge Kimba M. Wood (to whom this case was then assigned) entered an Order on September 19, 2022 denying all of the defendants' pretrial motions and stating that an opinion explaining the reasoning behind the Order would follow. On that same day, this matter was re-assigned to the undersigned.

Although Judge Wood's Order is law of the case, the undersigned has nonetheless reviewed the defendants' motions, the Indictment, and the underlying record, and the Court finds itself in complete agreement with Judge Wood's Order denying the defendants' motions. This Memorandum sets forth the reasons for that Order and specifies which of the denials are without prejudice.[1]

## I. Background

The Indictment alleges that Dr. Adelglass and Mr. Sansone distributed oxycodone, a highly addictive opioid, to people who did not need it, while acting under the cover of operating a legitimate medical clinic. Indictment, ECF No. 2, at ¶¶ 1, 2. Between November 2017 and September 2020, the Indictment alleges, Dr. Adeglass conducted cursory examinations of many patients (sometimes not even examining them at all) before writing prescriptions for oxycodone in exchange for cash. Id. at ¶ 11. Mr. Sansone, meanwhile, is alleged to have acted as a "gatekeeper" to

---

[1] In preparing this Memorandum Order, the undersigned greatly benefited from reviewing an excellent first draft prepared by Judge Wood.

Dr. Adelglass's clinic; in that role, he referred many patients to Dr. Adelglass and managed the clinic's operations, knowing of its illicit operations. Id. at ¶ 15. During the nearly three years of the clinic's operations, the clinic issued thousands of prescriptions for oxycodone and provided its patients with access to over 1.3 million pills of the drug. Id. at ¶¶ 2, 13.

## II. Dr. Adelglass's Motion to Dismiss

Dr. Adelglass moves to dismiss the Indictment on three grounds.[2] First, Dr. Adelglass argues that the Indictment fails to state the essential elements of the alleged crime. Second, Dr. Adelglass argues that the grand jury was improperly instructed. Third, Dr. Adelglass argues that 21 U.S.C. § 841(a)(1), the statute that Dr. Adelglass is alleged to have violated, is unconstitutionally vague as applied to physicians. Each of these arguments is meritless.

### A. Sufficiency of the Indictment

An indictment must provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c). Under this rule, an indictment is sufficient "when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future

---

[2] Co-defendant Sansone also joins in this motion.

prosecution based on the same set of events." United States v. Vilar, 729 F.3d 62, 80 (2d Cir. 2013).

Dr. Adelglass argues that the Indictment is insufficient because it fails to allege that he acted with the mens rea required under 21 U.S.C. § 841(a)(1). According to Dr. Adelglass, 21 U.S.C. § 841(a)(1) only criminalizes a physician's actions when that physician either (a) knows that she is not acting in an authorized manner or (b) intends to do so. Letter from Howard Adelglass in Support of Mot. to Dismiss, ECF No. 90, at p. 1; see Ruan v. United States, 142 S.Ct. 2370, 2375 (2022) (clarifying the mens rea required to convict under 21 U.S.C. § 841 for distributing substances not "as authorized").[3]

But the Indictment asserts this required mens rea on its front page. In its first paragraph, the Indictment alleges that Dr. Adelglass distributed a controlled substance "to individuals [he] knew had no legitimate medical need for them." Indictment, ECF No. 2, at ¶ 1 (emphasis added). It then goes on to allege that Dr.

---

[3] Dr. Adelglass's initial Memorandum of Law focused on whether a physician violates 21 U.S.C. § 841(a)(1) when she acts in "good faith," what acting in good faith amounts to, and whether the Indictment sufficiently alleged that Dr. Adelglass did not act in good faith. However, in Ruan, the Supreme Court clarified that the mens rea of 21 U.S.C. § 841(a)(1) (as applied to physicians) is either knowledge of lacking authorization or intent to distribute without authorization. See Ruan, 142 S.Ct. at 2381 (rejecting the proposition that the mens rea of 21 U.S.C. § 841(a)(1) is lack of good faith). Thus, it is now abundantly clear that the Indictment did not need to allege that Dr. Adelglass lacked good faith when he distributed oxycodone to his patients, provided that the Indictment did allege that he knew that he lacked authorization to distribute oxycodone to them or intended to distribute oxycodone to them without authorization.

4

Adelglass "wrote thousands of prescriptions for large quantities of oxycodone to individuals whom [he] <u>knew</u> did not need the pills." Indictment, ECF No. 2, at ¶ 2 (emphasis added). This language is more than enough to put Dr. Adelglass on notice that he is charged with <u>knowingly</u> acting in an unauthorized manner, as prohibited by the statute.

In a reply letter, Dr. Adelglass argues that the Indictment's Introduction is somehow irrelevant to determining its sufficiency. Instead, Dr. Adelglass argues, the Indictment must allege all legally required elements in the section headed "Statutory Allegations." Reply Letter from Howard Adelglass in Support of Mot. to Dismiss, ECF No. 93, at p. 2 ("[I]t is the "Statutory Allegations" that control . . . .").

While the elements of an alleged offense can be clarified through recapitulation in a separate section, they are not legally required to be listed in this way. <u>See</u> <u>United States v. Klein</u>, 216 Fed. Appx. 84, 88 (2d Cir. 2007) (holding that an indictment properly stated an offense, even though one of the elements of the offense was stated in a section headed "Means and Methods of the Conspiracy"); <u>U.S. v. Agrawal</u>, 726 F.3d 235, 261 (2d Cir. 2013) (reading an indictment "as a whole"); <u>United States v. Strewl</u>, 99 F.2d 474, 477 (2d Cir. 1938) (same). Instead, the Indictment must be read a whole; and if the Indictment, taken as a whole, defines the allegations with enough precision to enable the defendant to

5

prepare a defense, it is legally sufficient. Here, the prominence of the Indictment's assertions that Dr. Adelglass prescribed a controlled substance to patients whom he <u>knew</u> did not need them put Dr. Adelglass on notice of the <u>mens rea</u> element of his charge.

B.   <u>Propriety of Grand Jury Proceedings</u>

Dr. Adelglass also argues (or, really, speculates) that the Indictment should be dismissed because it was based on an erroneous grand jury instruction. Mem. of Law in Support of Howard Adelglass's Mot. to Dismiss, ECF No. 73, at pp. 22-24; <u>see also</u> Fed. R. Crim. P. 12(b)(3)(v) (permitting a defendant to move for dismissal of an indictment on grounds of an error in the grand-jury proceeding).

The grand jury is entitled to a "presumption of regularity," according to which "the law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." <u>United States v. R. Enterprises, Inc.</u>, 498 U.S. 292, 300 (1991); <u>see also</u> <u>United States v. Mechanik</u>, 475 U.S. 66, 75 (1986) (O'Connor, J., concurring in judgment) ("The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process.").

Dr. Adelglass has not merely failed to make a strong showing; he has made no showing at all. He instead asserts that the material disclosed by the Government pursuant to Rule 16 "does not appear

6

to be sufficient enough to [show] . . . that [Dr. Adelglass] acted with the knowledge and intent to violate the [Controlled Substances Act]." Mem. of Law in Support of Howard Adelglass's Mot. to Dismiss, ECF No. 73, at p. 24. That assertion, even if true, does not show that the grand jury instructions were improper. What the Government is able to prove at trial is one thing; how the grand jury was instructed is another.

    C.    <u>Vagueness</u>

Finally, Dr. Adelglass argues that the Indictment should be dismissed because it alleges that he violated 21 U.S.C. § 841, and, he says, that section is unconstitutionally vague as applied to physicians. Mem. of Law in Support of Howard Adelglass's Mot. to Dismiss, ECF No. 73, at pp. 27-31.

21 U.S.C. § 841(a) makes it unlawful to "knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense" a controlled substance, "[e]xcept as authorized by this subchapter." <u>Id</u>. A regulatory exception authorizes physicians to dispense controlled substances "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). Dr. Adelglass argues that, because [neither] the statute [nor the regulations] define "legitimate medical purpose," it is impossible for physicians to know whether their conduct constitutes a crime.

7

While the Court believes that this argument lacks even facial appeal, it is, in any case, premature when applied to the case at hand. Any such challenge to 21 U.S.C. § 841(a) on grounds of vagueness "must be evaluated as the statute is applied to the facts of the case." Chapman v. United States, 500 U.S. 453, 467 (1991). At this point, however, the only facts before the Court are the allegations in the Indictment. The law is settled that a vagueness challenge such as this should be examined, not on the basis of the indictment, but on the basis of the evidence at trial as to whether 21 U.S.C. § 841(a) is vague as applied to Dr. Adelglass. See United States v. Bastian, 112 F. Supp. 2d 378, 380 (S.D.N.Y. 2000) ("Heeding the Supreme Court's admonition that a vagueness challenge to a statute may only be examined in light of the facts of the case at hand, this Court cannot conduct a proper examination of the application of [the statutory section] to [Defendant]'s case on the basis of the indictment alone."); United States v. Gotti, No. 02-CR-743, 2004 WL 32858, at *6 (S.D.N.Y. Jan. 6, 2004) (declining to examine whether a statute was unconstitutionally vague because "the only facts before this Court are those presented by the indictment"). Thus, this portion of Dr. Adelglass's motion is denied but without prejudice to Dr. Adelglass's renewal of his vagueness argument at the close of the Government's case or at the close of all the evidence.

### III. Dr. Adelglass's Motion to Open the Grand Jury's Deliberations

Separate from his motion to dismiss, in a variation on the second ground of his motion to dismiss, Dr. Adelglass also moves (albeit in his motion-to-dismiss papers) to open the record of the grand jury proceedings so that he, or, alternatively, the Court, can determine whether the grand jury was properly instructed. Mem. of Law in Support of Howard Adelglass's Mot. to Dismiss, ECF No. 73, at p. 25.

Maintaining the secrecy of grand jury proceedings is a "long-established policy" of the federal courts. Dennis v. United States, 384 U.S. 855, 869 (1966). To disrupt that secrecy by disclosing grand jury proceedings is "extraordinary relief," available only when the moving party demonstrates a "particularized need" for the material sought or provides "specific factual allegations of Government misconduct." See United States v. Shaw, No. S1 06 CR 41 (CM), 2007 WL 4208365, at *6 (S.D.N.Y. Nov. 20, 2007) ("extraordinary relief"); United States v. Sells Engineering, 463 U.S. 418, 443 (1983) ("particularized need"); United States v. Torres, 901 F.2d 205, 233 (2d Cir. 1990) ("specific factual allegations of Government misconduct.").

Dr. Adelglass has not demonstrated any such need or made any such allegations. Instead, in this part of his argument, he simply infers from what he claims are the alleged defects in the Indictment that the grand jury must have been misinstructed.

9

However, for the reasons explained above, the Indictment is not defective. Thus, Dr. Adelglass's motion seeking review of the grand jury proceedings is denied.

**IV. Mr. Sansone's Pre-Trial Motions**

Mr. Sansone has filed several pretrial motions. He seeks (i) disclosure of certain exculpatory evidence; (ii) disclosure of prior bad acts that the Government would seek to use against Mr. Sansone at trial; (iii) dismissal of portions of the Indictment as surplusage; (iv) a bill of particulars; (v) an order permitting Mr. Sansone to make other such motions as may be appropriate; (vi) an order permitting Mr. Sansone to join in such other motions made by Dr. Adelglass as may be appropriate; and (vii) such other relief as the Court deems just and proper. For the reasons provided below, Mr. Sansone's requests are either moot or without legal support or justification, and all of his motions are denied.

A. <u>Mr. Sansone's Motions to Compel Disclosure</u>

As noted, several of Mr. Sansone's requests are to compel several kinds of disclosures from the Government. First, Mr. Sansone moves to compel disclosure of the Government's exculpatory information. See <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) (establishing the Government's duty to disclose exculpatory information to a criminal defendant). The Government, however, represents that it has disclosed all exculpatory evidence that it has identified, and that it will re-review memorialized witness

10

statements for potential Brady material and will promptly disclose any exculpatory evidence that is so revealed. Government's Mem. of Law in Opposition to the Defendants' Pretrial Motions, ECF No. 79, at pp. 26-27. Since the Government has represented that it is in compliance with Brady, there is no need for judicial intervention at this juncture. See, e.g., United States v. Sezanayev, No. 17 Cr. 262 (LGS), 2018 WL 2324077, at *9 (S.D.N.Y. May 22, 2018) ("The Government's good faith representations of its continuing compliance with its Brady disclosure obligations is sufficient."); United States v. English, No. S1 10 CR. 431 CM, 2011 WL 3366490, at *5 (S.D.N.Y. July 29, 2011).

Second, Mr. Sansone moves to compel disclosure of any material that raises doubts about the credibility of witnesses the Government may call at trial. Mr. Sansone is, of course, entitled to this information. See Giglio v. United States, 405 U.S. 150, 154 (1972) (obligating the Government to disclose information that casts doubt on the credibility of key witnesses). But the law only requires the Government to disclose that information "in time for its effective use at trial." United States v. Coppa, 267 F.3d 132, 135 (2d Cir. 2001). Although the typical practice in this District is for the Government to disclose Giglio material at least one day before the pertinent Government witness is called to testify, see, e.g., United States v. Rueb, 00 Cr. 91 (RWS), 2001 WL 96177, at *6-7 (S.D.N.Y. Feb. 5, 2001); United States v. Kelly, 91 F. Supp.

11

2d 580, 585 (S.D.N.Y. 2000), this Court is of the view that such disclosures should, absent special circumstances, be made somewhat earlier. Trial is set for October 24, 2022. In order for the defense to adequately prepare its case, the Government is instructed to complete its disclosure of Giglio material by October 14, 2022. If it does not, Mr. Sansone may renew his motion.

Finally, Mr. Sansone moves to compel disclosure of any prior acts undertaken by Mr. Sansone that the Government proposes to introduce at trial pursuant to Federal Rule of Evidence 404(b). The Government represents that it has made much of this disclosure already, and that it will continue to do so as it prepares its case. Government's Mem. of Law in Opposition to the Defendants' Pretrial Motions, ECF No. 79, at p. 28. And Mr. Sansone has not alleged that the Government's disclosure, with respect to this evidence, requires more particularization or the like. Thus, the Court declines to intervene as to disclosure of this information at this time.

    B.   Mr. Sansone's Motion to Strike

Mr. Sansone moves to dismiss those portions of the Indictment that fall under the headers "Background on Oxycodone and the Regulations Governing its Distribution" and "The Scheme to Distribute Oxycodone." Mr. Sansone argues that these portions of the indictment should be stricken since they are "inflammatory and prejudicial as well as unnecessary." Mem. of Law in Support of

Pre-Trial Motions of Marcello Sansone, ECF No. 71, at p. 12. However, this Court's uniform policy is never to present an indictment to the jury, and so, in light of the reassignment of this case to the undersigned, this motion is denied as moot.

C. Mr. Sansone's Motion to Order a Bill of Particulars

Mr. Sansone also asks for a bill of particulars that specifies his role in the alleged criminal conspiracy. He argues that the Indictment only provides "a vague description of Mr. Sanson's purported illegal participation in the charged narcotics conspiracy" and that the Indictment's imprecision has prevented him from preparing for trial. Mem. of Law in Support of Pre-Trial Motions of Marcello Sansone, ECF No. 71, at p. 13; see also United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam) ("Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.").

This Court has broad discretion to order a bill of particulars. United States v. Ramirez, 609 F.3d 495, 502 (2d Cir. 2010) ("Whether to grant a bill of particulars is generally a decision entrusted to the sound discretion of the district court."). After reviewing the Indictment, this Court finds that a

bill of particulars is not necessary to enable Mr. Sansone to prepare his defense. The Indictment alleges that Mr. Sansone began managing Dr. Adelglass's clinic in or about October 2018 Indictment, ECF No. 2, at ¶ 4. In this capacity, it alleges, Mr. Sansone helped to set up visits between Dr. Adelglass and the patients to whom he unlawfully distributed oxycodone. Indictment, ECF NO. 2, at ¶ 15. The Indictment also alleges that Mr. Sansone acted as a "gatekeeper" -- that is, a patient who recruited many others to Dr. Adelglass's clinic - knowing of the clinic's illicit operations. Indictment, ECF No. 2, at ¶¶ 14-15. From these allegations, it is quite clear what the Government intends to prove at trial. To say more, the Government would have to "particularize all of its evidence," which it is not legally required to do. <u>United States v. Cephas</u>, 937 F.2d 816, 823 (2d Cir. 1991).

    D.  <u>Mr. Sansone's Motion to Join Dr. Adelglass's Motion to Dismiss</u>

While Mr. Sansone's motion to join Dr. Adelglass's motion to dismiss the Indictment is granted, nevertheless, for the reasons already discussed, his concomitant motion to dismiss the Indictment is denied for the same reasons Dr. Adelglass's motion to dismiss is denied.

**V. Conclusion**

For the reasons given above, the pre-trial motions of Dr. Adelglass and Mr. Sansone are denied. However, Dr. Adelglass's

14

motion to dismiss on grounds of vagueness is denied without prejudice, as is Mr. Sansone's motion to compel disclosure of Giglio material. All other motions are denied with prejudice. The Clerk of the Court is respectfully directed to close ECF Nos. 69, 72, and 87.

    SO ORDERED.

Dated:    New York, NY

          October 11, 2022                JED S. RAKOFF, U.S.D.J.

15